IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| PERRY DANIELS, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | *   No. 4:16CV00462-JJV |
| MONTE MUNYAN, LPN, Faulkner County | * |
| Detention Center, Unit 1; *et al.*, | * |
| | * |
| Defendants. | * |

**MEMORANDUM AND ORDER**

**I.  INTRODUCTION**

Perry Daniels ("Plaintiff") brings this action *pro se* and under 42 U.S.C. § 1983, claiming Defendants, officials at the Faulkner County Detention Center, failed to provide medical care. (Doc. No. 2 at 4.)  Additionally, Plaintiff's Complaint may be construed as stating claims for failure to respond to grievances and erroneously charging him for medical care. (*Id*.)  Defendants Scott Huffaman,[1] Randal,[2] and Roper have now filed a Motion for Summary Judgment, contending they are entitled to judgment as a matter of law on all of Plaintiff's claims. (Doc. No. 15.)  Plaintiff has not responded, and this matter is now ripe for a decision.  For the following reasons, I find summary judgment is appropriate and this action is dismissed.

**II.  SUMMARY JUDGMENT STANDARD**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

---

[1] The correct spelling of this Defendant's name is Scott Huffman. (Doc. No. 15 at 1.)  The Clerk is directed to amend the docket to reflect the correct spelling.

[2] The correct spelling of this Defendant's name is John Randall. (Doc. No. 15 at 1.)  The Clerk is directed to amend the docket to reflect the correct spelling.

judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.   ANALYSIS

#### A.   Official Capacity Claims

First, Plaintiff has sued Defendants in both their personal and official capacities. (Doc. No. 2 at 2.) Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690, n. 55 (1978)). As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in

all respects other than name, to be treated as a suit against the entity. *Id*. at 166. Thus, Plaintiff's official capacity claims against Defendants are to be treated as claims against Faulkner County. Section 1983 liability against municipalities and other local government units is limited:

> Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.

*Monell*, 436 U.S. at 690-91. A municipality cannot be held liable under § 1983 on a *respondeat superior* theory. *Id*. at 691. *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535-36 (8th Cir. 1999).

Plaintiff has not identified any official policy or unofficial custom of Faulkner County that caused or contributed to his alleged injury. Accordingly, his official capacity claims against Defendants must be dismissed.

**B.      Personal Capacity Claims**

1.      Failure to Provide Medical Care

Plaintiff alleges he wrote a medical grievance on May 22, 2016, after suffering a panic attack. (Doc. No. 2 at 4.) He claims that, while "they" stated he would be seen by medical staff, he still had not been seen as of the time his Complaint was filed. (*Id*.) Plaintiff states he submitted ten more grievances and signed a medical release form at the instruction of a nurse assistant but still was not given medical attention. (*Id*.) Plaintiff alleges this has been going on for three months, although his Complaint was filed approximately one month after the first date mentioned therein. (*Id*.)

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes.[3] *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991). A prisoner advancing an Eighth Amendment claim based on medical care must, at a minimum, allege "deliberate indifference" to his "serious" medical needs. *Id.* at 297. Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed. *Id.* at 104-05. However, an inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain." *Id.* at 105. Where an alleged constitutional violation is premised on a delay in providing access to medical care, the plaintiff must show that officials ignored an acute or escalating situation involving a serious medical condition. *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990).

Defendants contend they are entitled to judgment as a matter of law because Plaintiff has not alleged they were personally involved in the denial of medical care and cannot show they were deliberately indifferent to a serious medical need. While Plaintiff seems to suggest Defendants were not responsive to his grievances, the evidence does not support this claim. According to Defendant Randall's Affidavit submitted in support of the Motion for Summary Judgment, he does not receive grievances from inmates, even when they are addressed to him, as it is not part of his job. (Doc. No. 17-1 at 1.) Defendant Huffman responded to Plaintiff's May 22, 2016, grievance by instructing him

---

[3]Because Plaintiff was a pretrial detainee at the time of the alleged constitutional violations (Doc. No. 2 at 3), his claims are properly analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam). Nonetheless, the same "deliberate indifference" standard applies. *Walton v. Dawson*, 752 F.3d 1109, 1117-18 (8th Cir. 2014).

to "fill out a medical request form to see the medical staff." (*Id*. at 4.) Defendant Huffman responded to subsequent grievances in the same way. (*Id*. at 6.) Defendant Roper responded to a grievance by stating, "The nurse stated you will be seen." (*Id*. at 5.)

Plaintiff was in fact seen by a nurse on May 22, 2016, and was scheduled to see a doctor on that same date but did not show up. (Doc. No. 17-2 at 1, 64.) Plaintiff was again seen by a nurse on May 27, 2016. (*Id*. at 1.) He was scheduled to see a doctor on June 16, 2016, but again did not show. (*Id*. at 2, 26.) Plaintiff did see a doctor on June 22, 2016; that doctor noted drug-seeking behavior and ordered a urinalysis. (*Id*. at 2, 28.) After that point, Plaintiff did not bring the issue up again. (*Id*. at 2.)

Defendants' evidence, which Plaintiff has not rebutted, demonstrates there is no genuine issue of material fact. If a claim for medical indifference is to succeed, it must be brought against the individuals directly responsible for the inmate's medical care. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). The involvement of these Defendants was limited to instructing Plaintiff on how to request medical care, which Plaintiff then did, with success. Defendants were not part of the medical staff and were not involved in Plaintiff's medical care. (Doc. No. 17-1 at 1.) To the extent Defendants were in supervisory roles, *respondeat superior* is not a basis for § 1983 liability, and a general responsibility for supervising the operations of a jail is insufficient to establish the personal involvement required to support liability. *Keeper*, 130 F.3d at 1314. Moreover, Plaintiff has not established that Defendants ignored an acute or escalating situation or caused a harmful delay. *See Givens*, 900 F.2d at 1233. The evidence demonstrates any delay in accessing medical care was due to Plaintiff's failure to appear for scheduled doctor visits. While the record is generally construed in Plaintiff's favor, the Court is not required to accept his version of the facts if it is so blatantly contradicted by the record that no reasonable jury could believe it. *See Jones v. McNeese*, 675 F.3d

1158, 1162 (8th Cir. 2012). For these reasons, Defendants are entitled to judgment as a matter of law on Plaintiff's claim of deliberate indifference.

        2.      Failure to Respond to Grievances

To the extent Plaintiff asserts a constitutional violation arising from Defendants' alleged failure to respond to his grievances, Defendants are correct that prison grievance procedures do not confer any substantive rights and do not give rise to a protected liberty interest. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Accordingly, Defendants are entitled to summary judgment on this issue.

        3.      Erroneous Charges for Medical Care

Plaintiff also complains Defendants took "money off [his] books," presumably for medical care, even though he had not been seen. (Doc. No. 2 at 4.) But evidence submitted by Defendants shows Plaintiff only received two medical charges during his incarceration, for nurse's visits on March 2, 2016, and May 31, 2016. (Doc. No. 17-1 at 1, 11.) Plaintiff's medical records show he was seen on or around those dates; additionally, there were numerous other nurse and doctor visits for which he was not charged. (Doc. No. 17-2.) A policy requiring inmates to pay for their own medical care if they can afford to do so is not a federal constitutional violation. *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999). Defendants are entitled to judgment as a matter of law on this claim.

**IV.    CONCLUSION**

IT IS, THEREFORE, ORDERED that:

1.      The Clerk shall amend the docket to reflect the correct spelling of Defendants Scott Huffman and John Randall. (Doc. No. 15 at 1.)

2.      Defendants' Motion for Summary Judgment (Doc. No. 15) is GRANTED.

3.  Plaintiff's Complaint (Doc. No. 2) is DISMISSED with prejudice.

4.  Pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal from this Order or accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 13th day of March, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE